IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR623 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JASMINE MUSCATELLO, | ) | |
| | ) | **REPORT AND RECOMMEN-** |
| Defendant. | ) | **DATION RE DEFENDANT'S** |
| | ) | **CHANGE OF PLEA** |

Pursuant to General Order 99-49, the District Judge referred this case to me to receive with the consent of the parties defendant Jasmine Muscatello's offer of a plea of guilty, to conduct the plea colloquy prescribed by Fed. R. Crim. P. 11, to cause a verbatim record of the proceedings to be prepared, to refer the matter, if appropriate, for presentence investigation, and to submit a report and recommendation stating whether Muscatello's plea of guilty should be accepted and a finding of guilty entered.[1] Accordingly, on February 16, 2022, Muscatello, accompanied by her lawyer, James A. Jenkins, Esq., proffered pursuant to the terms of a written plea agreement a plea of guilty to count two and count four of the indictment against her filed on August 25, 2021.[2] Assistant United

---

[1] ECF #31.
[2] ECF #1.

States Attorney Kelly L. Galvin was present on behalf of the government. Prior to the change of plea hearing, Muscatello and counsel consented to conducting this hearing before me. I conducted this hearing via Zoom video conferencing. Muscatello and counsel also consented to proceeding in this manner.

Upon consideration of the change of plea hearing and the information proffered to me during it, I make the following findings:

1. Given the current pandemic and the required restrictions it has imposed on the Judiciary and the parties who appear before me, I find that the proceedings in this case cannot be further delayed without causing serious harm to the interests of justice. For this reason, I conducted the change of plea hearing with Muscatello and counsel present and participating by video conferencing.

2. Before Muscatello offered her plea of guilty, I examined her as to her competency, advised her of the charges and consequences of conviction, informed her that the Court will be required to give consideration to the Federal Sentencing Guidelines and of the possibility of a departure from the Guidelines, notified her of her rights associated with a trial in this case, advised her that she waives those trial rights by pleading guilty except the right to counsel, and otherwise provided Muscatello with the information prescribed in Fed. R. Crim. P. 11.

3. The parties reported that they had entered into a written plea agreement, which I posted on the screen during the video conference, though Muscatello confirmed that she also had a copy of the agreement with her. Counsel reviewed the terms of that agreement, and I reviewed those terms with Muscatello to ensure that she understood them

before changing her plea in this case. Counsel further advised me, and Muscatello confirmed, that, aside from the written plea agreement, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties in conjunction with this case or Muscatello's decision to change her plea.

4. I questioned Muscatello under oath about the knowing, intelligent, and voluntary nature of the plea of guilty. She demonstrated and confirmed for me that she was offering her plea of guilty knowingly, intelligently, and voluntarily; and that she is competent to do so.

5. Counsel provided me with sufficient information about the offenses charged in count two and count four of the indictment and Muscatello's criminal conduct to establish a factual basis sufficient for Muscatello's guilty plea to the two counts in the indictment. I also reviewed with Muscatello the pertinent parts of the written plea agreement that reflect the factual basis, and Muscatello acknowledged that the factual basis as set forth in the written plea agreement was accurate.

In light of the foregoing and the record created in conjunction with the change of plea hearing, I find that Muscatello's plea of guilty to count two and count four of the indictment made pursuant to the parties' written plea agreement was knowing, intelligent, and voluntary. I further find that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied. Accordingly, I recommend that Muscatello's plea of guilty made pursuant to the parties' written plea agreement to the

charge set forth in the indictment against her be accepted and a finding of guilty as to count two and count four be entered by the Court.

Dated: February 18, 2022                        s/ William H. Baughman, Jr.
                                                                                    United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation. To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation. If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it. If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.